UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| WHOLESALE SCREENING SOLUTIONS LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:20-cv-158-RLY-MPB |
| CRIMINAL RESEARCH AND INVESTIGATIONS, INC., LAUREN ZULUAGA, STACI LAIRD ZULUAGA, and DEBRA KELLER, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| CRIMINAL RESEARCH AND INVESTIGATIONS, INC., LAUREN ZULUAGA, STACI LAIRD ZULUAGA, and DEBRA KELLER, | ) ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| REFERENCE SERVICES, INC., DAVID A. STINNETT, AND THE STINNETT FAMILY TRUST | ) ) ) ) | |
| Third-Party Defendants. | ) | |

## **<u>DEFENDANTS' MOTION TO DISMISS</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Criminal Research and

Investigations, Inc., Lauren Zuluaga, Staci Laird Zuluaga, and Debra Keller (collectively "CRI")

hereby move to dismiss the Complaint filed by Plaintiff Wholesale Screening Solutions, LLC

("WSS") in its entirety.  CRI's Motion to Dismiss is based upon the following:

1.      "[T]he plaintiff must allege facts that, 'state a claim to relief that is plausible on its face.'"  *Nat'l Fair Hous. All., Inc. v. S.C. Bodner Co.*, 844 F.Supp.2d 940, 942 (S.D. Ind. 2012) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

2.      WSS failed to state any claim against CRI that is plausible on its face.

3.      In Count I of the Complaint, WSS attempted to alleged a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim against CRI.

4.      "Congress enacted RICO in an attempt to eradicate organized, long-term criminal activity."  *Midwest Grinding Co v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992).  To state a RICO claim, WSS must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity.  *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).

5.      WSS did not allege the requisite pattern of continuing criminal activity to support its RICO claim.

6.      WSS alleged a single scheme against a competitor, which does not constitute a RICO pattern and does not state a RICO claim.

7.      The defects in WSS's RICO claim cannot be cured and Count I should be dismissed with prejudice.

8.      In Count II of the Complaint, WSS attempted to state a Robinson-Patman Act claim against CRI.

9.      The Robinson-Patman Act applies only to the sale of goods, not services or information.

10.     WSS cannot state a claim under the Robinson-Patman Act.  Count II should be dismissed with prejudice.

11.    Because WSS's alleged federal claims fail and cannot be cured, this Court need not retain jurisdiction of WSS's Indiana common law claims.  28 U.S.C. § 1367(c)(3).

12.    WSS failed to state any Indiana common law claims against CRI.

13.    In Count III, WSS attempted to allege a tortious interference claim against CRI, without specifying whether the claim is for tortious interference with contract or tortious interference with business relationships.

14.    The elements of tortious interference with a contractual relationship are: 1) the existence of a valid and enforceable contract; 2) defendant's knowledge of the contract's existence; 3) defendant's intentional inducement of the breach of the contract; 4) the absence of justification; and 5) damages resulting therefrom.  *Fields v. Cummins Employees Fed. Credit Union*, 540 N.E.2d 631, 640–41 (Ind.Ct.App.1989).

15.    With respect to tortious interference with contract, WSS failed to allege the existence of any contract.

16.    The elements of a cause of action for tortious interference with a business relationship are the same as the elements for interference with a contract except that there is no requirement that a valid contract exist.  *Biggs v. Marsh*, 446 N.E.2d 977, 983 (Ind.Ct.App.1983). While a contract is not required, tortious interference with a business relations requires an additional element that the defendant acted illegally by his interference. *Id*.

17.    With respect to tortious interference with a business relationship, WSS failed to allege any illegal activity.

18.    Because WSS failed to allege the requisite elements of tortious interference with contract or tortious interference with a business relationship claim, Count III should be dismissed.

19.     In Count IV, WSS attempted to allege a claim against CRI for common law unfair competition.

20.     "Indiana courts have created a cause of action for unfair competition, defined as 'the attempt to create confusion concerning the source of the unfair competitor's goods.'" *Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 598 (Ind. 2001) (*quoting Westward Coach Mfg. Co. v. Ford Motor Co.*, 388 F.2d 627, 633 (7th Cir.1968)).

21.     "This common law tort was historically considered a subspecies of the class of torts known as tortious interference with business or contractual relations." *Felsher*, 755 N.E.2d at 598 (internal quotation omitted).

22.     WSS did not allege any confusion as to the source of goods.

23.     WSS did not allege any tortious interference with business or contractual relationships.

24.     Count IV fails to state a claim for unfair competition and should be dismissed.

For the foregoing reasons, set forth more fully in CRI's Memorandum in Support of Motion to Dismiss filed contemporaneously with this Motion, CRI respectfully request that WSS's Complaint be dismissed in its entirety.  Counts I and II should be dismissed with prejudice because WSS's pleading defects cannot be cured.  This Court should either decline to exercise jurisdiction over Counts III and IV or dismiss those claims without prejudice and without leave to amend.

Respectfully submitted,

/s/  *Kristina M. Swanson*
Kristina M. Swanson, #34791-29
Kristina.Swanson@WoodenLawyers.com
Christopher D. Lee, #17424-47
Chris.Lee@WoodenLawyers.com

Attorneys for Defendants Criminal Research and
Investigations, Inc., Lauren Zuluaga, Staci Laird
Zuluaga and Debra Keller

WOODEN McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:     (317) 639-6151
Fax:    (317) 639-6444

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 4, 2020, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

John L. Tate
Stites & Harbison, PLLC
*(jtate@stites.com)*

Douglas B. Bates
Chelsea R. Stanley
Stites & Harbison, PLLC
*(cstanley@stites.com)*
*(dbates@stites.com)*

/s/  *Kristina M. Swanson*
Kristina M. Swanson, #34791-29